UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CORDARRYL STANDORD,<br><br>    Plaintiff,<br><br>    v.<br><br>DONNA STASHYN, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-02125-JDP (PC)<br><br>ORDER SCREENING PLAINTIFF'S COMPLAINT AND GIVING HIM THE OPPORTUNITY TO EITHER FILE AN AMENDED COMPLAINT OR A HABEAS CORPUS PETITION<br><br>ECF No. 1 |

      Plaintiff Terrell Cordarryl Stanford, a state inmate, brings this § 1983 action against Judge Donna Stashyn, defense attorney Peter Firpo, and deputy district attorney Melissa Marshall. ECF No. 1. The allegations in the complaint are insufficient to proceed. I will give plaintiff an opportunity to file either an amended complaint or a habeas corpus petition before recommending that this action be dismissed. I will defer ruling on plaintiff's *in forma pauperis* application until after he decides what type of action he seeks to pursue.

### Screening and Pleading Requirements

      A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that, during a state criminal proceeding, plaintiff's counsel, defendant Peter Firpo, manipulated plaintiff into signing what plaintiff understood to be a "joint suspension," but which was in reality a plea deal for a fifteen-and-a-half-year sentence. ECF No. 1 at 2-3. Plaintiff claims that he made defendant Judge Donna Stashyn aware during the proceeding that he believed he was signing a joint suspension. *Id.* at 3. Judge Stashyn, according to the complaint, never asked plaintiff whether he understood what he was signing or whether he had been pressured to take a plea deal. *Id.* The complaint states that defendant district attorney Melissa Marshall was present and witnessed plaintiff unknowingly sign the plea deal. *Id.*

To the extent that plaintiff alleges that defendants violated his constitutional rights in connection with his plea deal, his claim sounds in habeas corpus. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (holding that a habeas corpus petition is the proper vehicle for challenging the "legality or duration" of confinement). In any event, no claim for civil damages is cognizable unless and until plaintiff's criminal conviction is invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Moreover, defendants are immune to plaintiff's claims. Plaintiff's claims against Judge Stashyn, a superior court judge, are foreclosed by judicial immunity. "[J]udges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr. Crt. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). And criminal defense lawyers, like defendant Firpo, are not subject to liability under § 1983 for their handling of criminal cases. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1982) (public defenders do not act under color of law for purposes of § 1983 liability); *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977) (privately retained attorneys do not act under color of law for purposes of § 1983 liability). Finally, defendant Marshall is immune as a prosecutor. A prosecutor is protected by absolute immunity from liability in a civil rights suit for damages "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Since plaintiff's claims may sound in habeas corpus, I will allow him to file either an amended complaint or a habeas corpus petition. I will defer ruling on plaintiff's application to proceed *in forma pauperis*, ECF No. 2, until he decides which type of action to pursue.

Accordingly, it is ORDERED that:

1. The court will defer ruling on plaintiff's application to proceed *in forma pauperis* until plaintiff decides if he wishes to bring either a § 1983 or habeas corpus action.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint or habeas corpus petition. If he does not, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff both a § 1983 complaint form and a habeas corpus form.

IT IS SO ORDERED.

Dated:   November 20, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE