1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERRELL CORDARRYL STANFORD,           Case No.  2:23-cv-02125-JDP (PC)

12                  Plaintiff,             **ORDER**

13         v.                              GRANTING PLAINTIFF'S MOTION TO
                                           PROCEED *IN FORMA PAUPERIS* AND
14   DONNA STASHYN, *et al.*,              DIRECTING THE CLERK OF COURT TO
                                           RANDOMLY ASSIGN A DISTRICT
15                  Defendants.            JUDGE TO THIS MATTER

16                                         ECF No. 2

17                                         **FINDINGS AND RECOMMENDATIONS**

18                                         THAT PLAINTIFF'S FIRST AMENDED
                                           COMPLAINT BE DISMISSED WITHOUT
19                                         LEAVE TO AMEND FOR FAILURE TO
                                           STATE A CLAIM
20
                                           ECF No. 8
21
                                           OBJECTIONS DUE WITHIN FOURTEEN
22                                         DAYS

23

24        Plaintiff Terrell Cordarryl Stanford, a state inmate, alleges in his amended complaint that

25   defendants Judge Donna Stashyn, defense attorney Peter Firpo, and deputy district attorney

26   Melissa Marshall violated his constitutional rights.  ECF No. 8.  Plaintiff has failed to cure the

27   deficiencies noted in the court's prior screening order.  I will grant plaintiff's application to

28   proceed *in forma pauperis*, which makes the required showing.  Accordingly, I will recommend

                                            1

1 | that this action be dismissed.

2 | **Screening and Pleading Requirements**

3 |       A federal court must screen the complaint of any claimant seeking permission to proceed

4 | *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

5 | dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

6 | which relief may be granted, or seeks monetary relief from a defendant who is immune from such

7 | relief.  *Id.*

8 |       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9 | Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10 | face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11 | require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12 | 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13 | possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14 | identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15 | 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16 | give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17 | n.2 (9th Cir. 2006) (en banc) (citations omitted).

18 |       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19 | U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20 | appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21 | would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22 | However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23 | of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24 | 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25 | **Analysis**

26 |       The amended complaint's allegations are similar to those in the original complaint.  In

27 | September 2010, defendant-attorney Peter Firpo convinced plaintiff to fraudulently sign a plea

28 | agreement while defendants Judge Stashyn and District Attorney Marshall watched without

intervening.  ECF No. 8 at 3.  Plaintiff alleges that all of the defendants exhibited deliberate indifference towards plaintiff during the plea hearing.  The complaint also alleges that in August 2008, Firpo and Marshall did not intervene when Judge Stashyn failed to read plaintiff his "pre [bargain] dialect."[1]  *Id.* at 4.

Plaintiff has not cured the deficiencies noted in the court's prior order.  *See* ECF No. 7. Thus, for the same reasons noted therein, the court will recommend that plaintiff's first amended complaint be dismissed without prejudice for failure to state a claim.

The allegation that defendants violated plaintiff's constitutional rights in connection with his plea deal sounds in habeas corpus and is not appropriate in this § 1983 action.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (holding that a habeas corpus petition is the proper vehicle for challenging the "legality or duration" of confinement).  Further, no claim for civil damages is cognizable unless and until plaintiff's criminal conviction is invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Plaintiff has not demonstrated that his criminal conviction is invalid.

Moreover, defendants are immune to plaintiff's claims.  Plaintiff's claims against Judge Stashyn are foreclosed by judicial immunity.  "[J]udges are absolutely immune from civil liability for damages for their judicial acts."  *Mullis v. U.S. Bankr. Crt. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987).  And criminal defense lawyers, like defendant Firpo, are not subject to liability under § 1983 for their handling of criminal cases.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1982) (public defenders do not act under color of law for purposes of § 1983 liability); *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977) (privately retained attorneys do not act under color of law for purposes of § 1983 liability).  Finally, defendant Marshall is immune as a prosecutor.  A prosecutor is protected by absolute immunity from liability in a civil rights suit for damages "when performing the traditional functions of an advocate."  *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Accordingly, it is ORDERED that:

---

[1] The court understands this as a reference the colloquy between the trial court and a criminal defendant relating to the waiver of the criminal defendant's rights.

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2.  The Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that this action be dismissed without leave to amend.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    January 16, 2024                                   _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE